UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SOLOMON WILBERT CHISHOLM, JR.                    CIVIL ACTION

VERSUS                                           NUMBER: 12-0437

MARK TERRAL                                      SECTION: "J"(5)

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed in forma pauperis by pro se plaintiff, Solomon Wilbert Chisholm, Jr., against defendant, Mark Terral, who is identified as the Legal Advisor Supervisor at the Orleans Parish Prison ("OPP").

Plaintiff is an inmate of OPP who is serving a five-year sentence following his April 1, 2013 guilty plea to possession of stolen things in the Criminal District Court for the Parish of Orleans, State of Louisiana. (See attached docket master from case No. 507052 "B"). As reflected by his original complaint and subsequent filings and as further amplified at the preliminary conference that was held in this case (rec. docs. 1, 8, 10, 11,

12),[1]/ plaintiff alleged that despite a number of requests that he made in December of 2011 to April of 2012, defendant failed to provide legal assistance to him, particularly as it relates to conducting discovery in the context of his criminal case, ultimately advising plaintiff that he would have to proceed through his court-appointed attorney. Plaintiff seeks monetary damages for the suffering he endured as a result of the defendant's inaction.

Plaintiff has instituted suit herein _in forma pauperis_ pursuant to 28 U.S.C. §1915. A proceeding brought _in forma pauperis_ may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993), or it if fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii). See also 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

As reflected by the docket master from his criminal case which

---

[1]/ Although scheduled as a preliminary conference, the conference was actually more akin to a Spears hearing which is in the nature of an amended complaint or a more definite statement. See Jackson v. Vannoy, 49 F.3d 175, 176-77 n.4 (5th Cir.), cert. denied, 516 U.S. 851, 116 S.Ct. 148 (1995).

2

is appended hereto, Chisholm was represented by court-appointed counsel from his arraignment on July 1, 2011 until his guilty plea and sentencing on April 1, 2013. With the exception of his arraignment at which another lawyer stood in, Chisholm was represented by the same attorney throughout the entirety of his criminal case who even appeared before the trial court on his client's behalf on a number of occasions on which Chisholm had not been brought to court from OPP. Among the numerous motions that Chisholm's attorney pursued in the case were motions for discovery and inspection and for the production incident recall logs, printed records of radio transmissions, and for records of mobile data terminal access. At a hearing that was held on December 6, 2012, the State turned over all discovery to defense counsel.

Under the foregoing circumstances, Chisholm's right of access to the courts, as guaranteed by the Constitution and as interpreted by Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491 (1977), was clearly satisfied by his representation by counsel in his criminal proceedings. Wilson v. Blankenship, 163 F.3d 1284, 1291 (11th Cir. 1998); Schrier v. Halford, 60 F.3d 1309, 1313-14 (8th Cir. 1995); Mackin v. Carpenter, 988 F.2d 1212, 1993 WL 82306 at *1 (5th Cir. 1993)(table); Mann v. Smith, 796 F.2d 79, 83-84 (5th Cir. 1986); Morrow v. Harwell, 768 F.2d 619, 623 (5th Cir. 1985); Richard v. Kinler, No. 08-CV-4251, 2008 WL 4809472 at *2-3 (E.D. La. Oct. 31,

2008)(and cases cited therein).  Moreover, absent a physical injury, Chisholm's claim for psychological damages is not tenable here.  42 U.S.C. §1997e(e); <u>Geiger v. Jowers</u>, 404 F.3d 371, 374-75 (5th Cir. 2005).

### **RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's suit be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  19th   day of ___November___, 201_.

                                                      ALMA L. CHASEZ
                                UNITED STATES MAGISTRATE JUDGE